Terrence QUINN, Plaintiff,

v.

CITY OF CHICAGO, et al., Defendants.

No. 86 C 4266.

United States District Court,
N.D. Illinois, E.D.

Oct. 28, 1986.

**550**

Sheldon R. Waxman, South Haven, Mich., for plaintiff.

Judson H. Miner, Acting Corp. Counsel, City of Chicago by Jonathan P. Siner, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Before this Court is defendants' motion to dismiss plaintiff's Fourteenth Amendment due process and *Shakman* claims. For the reasons stated below, this Court denies defendants' motion to dismiss plaintiff's due process claim. In contrast, this Court grants defendants' motion to dismiss plaintiff's *Shakman* and First Amendment claims.

## FACTS

Plaintiff was employed by the Chicago Police Department. Plaintiff was an investigator in the Office of Professional Standards. In 1981, plaintiff applied for a position of Probationary Police Officer. After his application was received, plaintiff took a drug test administered by the City of Chicago. The drug Phenobarbitol was allegedly found in his urine. Soon thereafter, plaintiff was discharged without proper motive or a pretermination hearing. Dissatisfied with his discharge, plaintiff brought this action.

### *Fourteenth Amendment Due Process Claim*

■ The Fourteenth Amendment's procedural due process guarantees apply only to those interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of hearing is paramount. *Board of Regents v. Roth,* 408 U.S. 564, 570, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972).

■ A plaintiff is entitled to procedural due process guarantees of notice and hearing if that plaintiff is able to demonstrate that he had a property interest in continued employment. *Kyle v. City of Oak Forest,* 637 F.Supp. 980, 988 (N.D.Ill. 1986). A property interest is not created by the Constitution. Rather, it is created by an independent source such as a state law, local ordinance, or a mutually explicit understanding. *Perry v. Sindermann,* 408 U.S. 593, 602, 92 S.Ct. 2694, 2700, 33 L.Ed.2d 570 (1972); *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

To have a property interest in a benefit receiving due process protection, a person must have more than an abstract need or a unilateral expectation of receiving the benefit. A plaintiff must, instead, have a legitimate enforceable claim of entitlement to the benefit.

■ In the employment context, an employee has a due process property interest in a job where there are restrictions on how the employee can be terminated. *Kyle v. City of Oak Forest,* 637 F.Supp. 980, 988 (N.D.Ill.1986). For example, an employee has a property interest in continued employment if that employee cannot be terminated absent a pretermination hearing and a showing of sufficient cause for discharge. However, a plaintiff has the burden of proving a legitimate enforceable claim of entitlement to that employee's continued employment. *Corbitt v. President & Board of Trustees,* 103 Ill.App.3d 818, 59 Ill.Dec. 470, 431 N.E.2d 1227 (1981).

In the instant case, plaintiff pleads that he had a property interest in continued employment when he was an investigator in the Chicago Police Department's Office of Professional Standards. In support of his assertion, the Complaint alleges that the custom and practice of the Police Department "required that those in Plaintiff's position be fired for cause only and only after notice and a pretermination hearing."

The central issue before this Court is whether plaintiff had a property interest in continued employment. Whether a law, ordinance, or mutually explicit understanding confers a legitimate claim to continued employment, and hence grants a property interest in continued employment, can be determined only by an examination of the particular law, ordinance, or understanding in question.

■ This Court notes that plaintiff failed to identify any ordinance or statute that could arguably be construed as conferring a property right in continued employment. After considerable research, this Court discovered Section 10–1–18.1 of the Illinois Revised Statutes. Ill.Rev.Stat. ch. 24, § 10–1–18.1. Section 10–1–18.1 provides that "no officer or employee of the [Chicago] police department in the classified civil service of the municipality whose appointment has become complete may be removed or discharged, or suspended for more than 30 days except for cause upon written charges and after an opportunity to be heard in his own defense by the Police Board." This statute confers a property interest upon any person who qualifies as a classified civil servant under § 10–1–18.1.

This Court finds that Section 10–1–18.1 does not confer a property interest in continued employment upon plaintiff. Section 10–1–18.1 applies only to classified civil servants employed by the Chicago Police Department. The Complaint is devoid of any reference to classified civil servants. Plaintiff failed to allege that he was a classified civil servant. Consequently, this Court cannot infer classified civil servant status from the allegations contained in the Complaint, even after considering the facts in light most favorable to plaintiff. Consequently, this statute does not confer upon plaintiff a property interest in continued employment. Absent a property interest, plaintiff is not entitled to the procedural due process guarantees secured by the Fourteenth Amendment to the Constitution.

This Court's analysis is not yet complete. This Court must now determine whether a property interest in continued employment was conferred upon plaintiff by some mutually explicit understanding between plaintiff and the Chicago Police Department.

Plaintiff identifies a mutually explicit understanding between the parties. Plaintiff does not allege that an explicit contract existed. Instead, the Complaint merely pleads that police department's custom and practice dictate "that those in plaintiff's position [can] be fired for cause only and only after notice and a pretermination hearing."

This Court holds that plaintiff's Complaint sufficiently alleges a "property interest" in continued employment within the meaning of *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). In *Perry,* the Supreme Court held that even if no state statute, ordinance, or contract creates a property interest in a job, a person may still enjoy a "property interest" for due process purposes if the property interest stems from a mutually explicit understanding between the employee and the governmental employer. *Id.* at 601, 92 S.Ct. at 2699. A plaintiff may allege and prove that the governmental agency has promulgated an unwritten common law of job tenure, which may be implied from the policies and practices of the governmental agency. *Id.* at 602–03, 92 S.Ct. at 2700. *See Auriemma v. City of Chicago,* 601 F.Supp. 1080, 1082–83 (N.D.Ill.1984).

■ In the instant case, plaintiff alleged that the police department established a custom and practice that mandated that those in plaintiff's employment "position be fired for cause only and only after notice and a pretermination hearing." Plaintiff's

allegation clearly satisfied the pleading requirements of *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), for purposes of surviving a motion to dismiss. Consequently, this Court holds that plaintiff successfully pled that he had a property interest in continued employment and was therefore entitled to the Fourteenth Amendment's procedural due process guarantees. Accordingly, the City of Chicago's motion to dismiss is denied.

### Shakman Claim

[7] Despite plaintiff's inartful pleading, this Court was able to spy a potential *Shakman* claim because of the Court's long involvement with the *Shakman* decree. Plaintiff's only reference to political termination is located in paragraph 7 of the Complaint. Paragraph 7 states:

> 7. Plaintiff was fired for political reasons and his association with the Richard [M.] Daley, Jr. political faction and with individuals associated with that faction, who were not in favor with the Byrne political faction then in control of the City administration.

This Court believes that plaintiff's Complaint cannot overcome two problems. First, plaintiff's *Shakman* claim is stale. Second, plaintiff failed to present his claim in the form of a contempt petition.

Plaintiff has not been diligent and timely in filing his *Shakman* claim. Plaintiff's claim arose when he was forced to resign from the police department in September of 1981. Plaintiff brought this claim almost five years later in June of 1986. Such a delay violates the 180–day diligency and timeliness provision set forth by the U.S. Court of Appeals for the Seventh Circuit in *Smith v. City of Chicago,* 769 F.2d 408 (7th Cir.1985). Plaintiff is required to present more compelling facts than he has to justify his delinquent *Shakman* claim.

Plaintiff's *Shakman* claim cannot prevail even if plaintiff's claim had been timely. In *Auriemma v. City of Chicago,* 601 F.Supp. 1080, 1086 (N.D.Ill.1984), the court held that a claim alleging a violation of the *Shakman* consent decree must be present-

ed in the form of a contempt petition. In the instant case, plaintiff failed to present his *Shakman* claim in the form of a contempt petition. Consequently, plaintiff's *Shakman* claim must be dismissed.

### First Amendment Claim

This Court will alternatively consider the Complaint's inartful paragraph 7 allegation as a claim that defendants violated plaintiff's constitutional rights of freedom of speech and association as guaranteed by the First and Fourteenth Amendments of the United States Constitution. Plaintiff implicitly contends that defendants violated plaintiff's constitutional rights when defendants terminated plaintiff's employment.

■ The U.S. Court of Appeals for the Seventh Circuit espoused the pleading requirements of a political termination in employment claim. *Nekolny v. Painter,* 653 F.2d 1164 (7th Cir.1981). In *Nekolny,* the court identified both elements as follows: (1) plaintiff must have engaged in constitutionally protected conduct; and (2) plaintiff's participation in the constitutionally protected conduct was a "motivating factor" in defendants' decision to terminate plaintiff.

■ In the instant case, plaintiff satisfied neither element. Plaintiff failed to plead that he engaged in constitutionally protected conduct. Moreover, plaintiff also failed to plead that his participation in the constitutionally protected conduct was a motivating factor in plaintiff's employment termination. Instead, plaintiff merely alleges that he was "fired for political reasons...." This Court finds plaintiff's single-sentence assertion a mere unsupported conclusion. Consequently, plaintiff fails to state a First Amendment claim. Accordingly, defendants' motion to dismiss the First Amendment claim is granted.

### CONCLUSION

Plaintiff sufficiently pled that he had a property interest in his continued employment. Consequently, plaintiff is entitled to

the procedural due process guarantees conferred by the Fourteenth Amendment to the U.S. Constitution. Accordingly, this Court denies defendants' motion to dismiss plaintiff's Fourteenth Amendment claim. In contrast, this Court grants defendants' motion to dismiss plaintiff's *Shakman* claim and First Amendment claim.

IT IS SO ORDERED.