**Mark O'DONNELL, Plaintiff,**

v.

**VILLAGE OF DOWNERS GROVE,**
**George P. Graves, and Roger**
**Compton, Defendants.**

No. 86 C 6529.

United States District Court,
N.D. Illinois, E.D.

March 23, 1987.

Lonny Ben Ogus, Carl M. Walsh, Chicago, Ill., for plaintiff.

Peter M. Rosenthal, Ancel, Glink, Diamond, Murphy & Cope, P.C., Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Plaintiff brought this action against multiple defendants. Plaintiff alleges that defendants deprived him of various constitutional rights. Plaintiff seeks relief under 42 U.S.C. § 1983 and a pendent common law claim.

Presently before this court is defendants' motion to dismiss plaintiff's 42 U.S.C. § 1983 claim for failure to state a claim upon which relief can be granted pursuant to Federal Rule 12(b)(6). The complaint is based on alleged violations of and conspiracy to violate the Fifth, Ninth, Tenth, and Fourteenth Amendments. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343. For the reasons stated below, this court grants defendants' motion to dismiss plaintiff's claim.

## FACTS

All well-pled facts are considered true for purposes of this motion.

Plaintiff was previously employed as a Village of Downers Grove probationary police officer. On March 1, 1986, plaintiff conferred with Police Officer Compton. During the conference, Compton accused plaintiff of writing a false police report. Compton ordered plaintiff to change his report or face termination. Plaintiff refused to alter his report. Subsequently, Compton told plaintiff's former employer that plaintiff had made false police reports. On May 5, 1986, plaintiff was terminated from his employment with the Village of Downers Grove because he allegedly wrote a false police report.

## DISCUSSION

### Count I—42 U.S.C. § 1983

#### A. Village of Downers Grove

The Village of Downers Grove argues that the complaint fails to state a 42 U.S.C. § 1983 claim against it. The Village contends that the complaint insufficiently alleges that the plaintiff was deprived of a right guaranteed by the United States Constitution or by federal law as a result of a municipal officer acting in accordance with a custom or policy of the Village of Downers Grove. Moreover, defendant maintains that the single act of unconstitutional employment termination is insufficient to establish a municipal "policy." This court finds defendant's argument persuasive.

■ Several requirements must be met to state a claim for municipal liability pursuant to 42 U.S.C. § 1983. First, the complaint must allege that the plaintiff was deprived of a right secured by the Constitution or federal law. Second, the plaintiff must plead that the deprivation of this right was caused by a government official acting in accordance with a municipal policy or custom. *Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); *Monell v. New York Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In addition, boilerplate allegations of municipal policy, without sufficient factual allegations to support those assertions, do not state a § 1983 claim against a municipality. *Rogers v. Lincoln Towing Services, Inc.*, 771 F.2d 194, 202 (7th Cir.1985). Finally, alleging a specific incident of constitutional deprivation and generally alleging that the deprivation resulted from a custom or policy does not constitute adequate pleadings; typically, a plaintiff must set forth a specific pattern or series of incidents that support the general allegation. *Hossman v. Blunk*, 784 F.2d 793 (7th Cir.1986).

In the instant case, plaintiff clearly satisfied the first pleading requirement when he alleged he was deprived of his constitutional rights. However, plaintiff failed to sufficiently plead the second requirement. Plaintiff does not satisfy the *Monell* "policy" requirement. The complaint does not allege that plaintiff's constitutional rights were deprived as a result of police officers acting in accordance with any municipal policy, custom, or practice. Moreover, plaintiff does not set forth a series of constitutional deprivations; plaintiff does not allege that the Village of Downers Grove previously deprived plaintiff or others of their constitutional rights. Plaintiff's complaint does not even present a boilerplate assertion of custom and policy.

■ Section 1983 liability may attach to a single incident of constitutional deprivation where a municipal officer implements a mandated course of action that was deliberately chosen from various alternatives by officers responsible for establishing final policy with respect to the subject matter in question. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). The *Monell* "policy" requirement is satisfied when enforcement of a direct command given by a municipal policymaker results in a constitutional deprivation. Count I contains no allegation that plaintiff's employment was terminated by an official who was responsible for establishing final policy with respect to employment termination.

The complaint generally states that plaintiff had been deprived of his constitutional rights, but does not mention who deprived him of these rights and whether he was deprived of these rights as a result of a direct command. In sum, plaintiff failed to allege his constitutional deprivation resulted from a municipal official acting in accordance with a municipal policy. Accordingly, this court dismisses the Village of Downers Grove from Count I.

#### B. Individual Defendants in their Official Capacity

Plaintiff chose to sue Chief of Police Graves and Police Officer Compton in their official capacities. Both defendants move to dismiss plaintiff's claim against them in their official capacities.

■ Actions for damages against a party in his official capacity are, in essence, actions against the municipality of which

the officer is an agent. *Monell v. New York City Department of Social Services,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978). Thus, damages may be awarded against a defendant in his official capacity only if such damages would be available against the municipality itself. *Brunken v. Lance,* 799 F.2d 337, 340 (7th Cir.1986). A damage award must be satisfied by looking to the entity itself, rather than the official individually. The official cannot assert any personal immunity defense. *Id.* Defendants Graves and Compton cannot be liable in their official capacities since the complaint failed to allege that the constitutional deprivations emanated from the execution of any policy or custom established by the Village of Downers Grove. For these reasons, this court grants defendants Graves and Compton's motion to dismiss them in their official capacities from Count I.

### C. Individual Defendants in their Personal Capacities

■ Plaintiff is required to satisfy two requirements to state a § 1983 claim against an individual. First, the complaint must allege that plaintiff was deprived of a federally protected right. Second, the plaintiff must allege that the person who deprived him of the federally protected right acted under the color of state law. *Gomez v. Toledo,* 446 U.S. 635, 638, 100 S.Ct. 1920, 1922, 64 L.Ed.2d 572 (1980).

Neither party disputes that defendants acted under the color of state law. The central issue is whether plaintiff was deprived of a federally protected right.

Plaintiff argues that the defendants deprived him of his Fourteenth Amendment due process right. Plaintiff maintains a constitutionally protected liberty interest in his employment. Plaintiff asserts he had never been given any hearing to contest certain stigmatizing remarks made against him.

A Fourteenth Amendment due process claim would satisfy the second requirement of § 1983, that plaintiff was deprived of a federally protected right. Procedural due process guarantees apply to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of hearing is paramount. *Board of Regents v. Roth,* 408 U.S. 564, 570, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Plaintiff's liberty and property interests will be discussed separately.

■ A plaintiff is entitled to procedural due process guarantees of notice and hearing if that plaintiff is able to demonstrate that he has a property interest in continued employment. A property interest is not created by the Constitution. Rather, it is created by an independent source such as state laws, local ordinances or mutually explicit understandings. *Id.* at 577, 92 S.Ct. at 2709. To have a property interest in a benefit, a person clearly must have more than a unilateral expectation of it. A plaintiff must, instead, have a legitimate enforceable claim of entitlement to it. *Roth* at 577, 92 S.Ct. at 2709.

■ In the employment context, an employee has a due process property interest in a job where there are restrictions on how the employee can be terminated. For example, an employee has a property interest in continued employment if he cannot be terminated absent a showing of sufficient cause for discharge. However, a plaintiff has the burden of proving a legitimate enforceable claim of entitlement to his continued employment. *Corbitt v. President & Board of Trustees,* 103 Ill.App.3d 818, 59 Ill.Dec. 470, 431 N.E.2d 1227 (1981).

■ In the instant case, plaintiff makes an unsupported assertion that he had a "constitutionally protected liberty interest in his employment." This bald assertion is insufficient to entitle him to procedural due process guarantees of notice and hearing before termination of his employment. Plaintiff failed to allege properly his property interest in continued employment. Plaintiff does not allege that there were restrictions on how he could have been terminated. Plaintiff fails to identify any independent source that creates a property interest in his continued employment. No

state law, municipal ordinance, or mutually explicit understanding conferring a property interest upon plaintiff is alleged in the complaint. In the absence of an allegation that plaintiff was terminable-for-cause, this court assumes plaintiff was terminable-at-will. A terminable-at-will employee has no constitutionally protected property interest in his job. Plaintiff expresses nothing more than a unilateral expectation of a property interest in continued employment. Consequently, plaintiff was neither entitled to the Fourteenth Amendment due process guarantees of notice and hearing, nor deprived of his due process rights when he was terminated from his employment without a hearing.

Like a property interest, a plaintiff is entitled to procedural due process guarantees of notice and hearing if that plaintiff is able to demonstrate that he has a liberty interest in his employment. In *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the Supreme Court defined liberty interest. The Supreme Court stated a liberty interest "denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally enjoy those privileges long recognized ... as essential to the orderly pursuit of happiness by free men." *Id.* at 572, 92 S.Ct. at 2706, *quoting Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S.Ct. 625, 626, 67 L.Ed. 1042 (1922).

In *Ratliff v. City of Milwaukee*, 795 F.2d 612, 625 (7th Cir.1986), the Seventh Circuit applied a two prong test to determine whether a municipality deprived a discharged employee of her Fourteenth Amendment liberty interest without due process of law. The first prong required a tangible alteration of employment status. The second prong of the test required the government's disparaging remark to injure the employee's good name, reputation, honor or integrity, or imposed a stigma that effectively forecloses future employment opportunities.

In the instant case, plaintiff satisfies the first prong of the *Ratliff* test by alleging he was terminated from his employment with the Village of Downers Grove. However, plaintiff fails to satisfy the second requirement. Plaintiff attempts to allege the second requirement in paragraphs 9 and 19 of the complaint. Paragraph 9 states that defendant Compton told a third party, a former employer of plaintiff, that plaintiff had written false police reports. Paragraph 19 alleges that Compton's act imposed a stigma and other disabilities on the plaintiff which foreclosed employment opportunities. Plaintiff's unsupported assertion makes no mention that he seeks re-employment with that former employer to whom the stigmatizing remarks were made. Also, plaintiff failed to allege that Compton repeated these disparaging charges to any future employer of plaintiff. It is mere speculation whether plaintiff's former employer will repeat the disparaging remarks to plaintiff's prospective employers. Consequently, defendant Compton's remarks do not foreclose plaintiff's future employment opportunities.

Since plaintiff failed to meet the second prong of the *Ratliff* test, his complaint fails to state a Fourteenth Amendment deprivation of liberty claim. For this reason, this court grants defendants' motion to dismiss plaintiff's Fourteenth Amendment due process claim against defendants in their individual capacity.

### D. Fourteenth Amendment Equal Protection Claim

Defendants seek to dismiss plaintiff's Fourteenth Amendment equal protection claim. Defendants argue that the complaint does not allege that the plaintiff is a member of a class which was subjected to invidious discrimination. This court notes that plaintiff chose not to respond to defendants' argument.

The Fourteenth Amendment's equal protection clause guarantees citizens the right to be free from invidious discrimination. *Harris v. McRae*, 448 U.S. 297, 322, 100 S.Ct. 2671, 2690, 65 L.Ed.2d 784 (1980).

568

The equal protection clause requires the state to treat alike persons who are similarly situated, in absence of sufficient justification for different treatment. *San Antonio School District v. Rodriguez*, 411 U.S. 1, 55, 93 S.Ct. 1278, 1308, 36 L.Ed.2d 16 (1972).

 Plaintiff's complaint is void of any allegation that he received treatment different than other Village police officers. This court will not speculate whether plaintiff received different treatment by the Village of Downers Grove in a manner which violated the equal protection clause of the Fourteenth Amendment. Thus, plaintiff's equal protection claim is hollow and should be dismissed.

### E. Conspiracy Claim

Defendants seek to dismiss plaintiff's conspiracy claim for several reasons. First, the complaint's conspiracy claim is conclusory. Second, mere allegations that defendants acted in concert or with a common goal is insufficient. The defendants assert that there must be some factual allegations describing how the conspiracy was initiated and implemented.

Plaintiff disagrees and contends that allegations of a prior agreement to deprive him of his civil rights are not necessary. Plaintiff also maintains that an express agreement among all the conspirators is not a necessary element of a civil conspiracy. The participants only need to share the general objective; they do not have to know all the details of the plan. Further, plaintiff asserts that the complaint alleges various conspiratorial acts, including allegations that defendants made false statements about him and refused to hold a hearing to allow plaintiff to counter the disparaging remarks made against him.

 An action for conspiracy may be maintained under 42 U.S.C. § 1983. To maintain a conspiracy action under § 1983 here, however, it is necessary that there have been an actual denial of due process by someone acting under the color of state law. *Slavin v. Curry*, 574 F.2d 1256, 1261 (5th Cir.1978).

 In the instant case, plaintiff attempted to portray defendants as public officials who conspired to deprive plaintiff of his liberty interest without due process of law. However, plaintiff's conspiracy claim is legally insufficient. Plaintiff cannot maintain a conspiracy action here because this court has already dismissed plaintiff's due process claim. Consequently, plaintiff fails to state a cause of action for conspiracy under § 1983.

### F. Fifth Amendment Claim

The defendants seek to dismiss plaintiff's Fifth Amendment claim. Defendants assert that the Fifth Amendment applies only to the federal government and not to the state governments. This court notes that plaintiff failed to respond to defendants' argument.

This issue was addressed in *Flowers v. Webb*, 575 F.Supp. 1450 (E.D.N.Y.1983). In *Webb*, the district court held that Fifth Amendment claims may be brought only against the federal government. The *Webb* court believed that allegations of "federal action" are required to state a claim for deprivation of due process in violation of the Fifth Amendment. The *Webb* court dismissed the plaintiff's action because he failed to allege any "federal action."

 In the present case, plaintiff failed to bring a claim against the federal government or identify any "federal action;" instead, he brings an action against the Village of Downers Grove and two of its police officers. Consequently, plaintiff cannot maintain a cause of action based on the Fifth Amendment. Accordingly, this court grants defendants' motion to dismiss plaintiff's Fifth Amendment claim.

### G. Ninth Amendment Claim

The Ninth Amendment to the United States Constitution states that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." Defendants seek to dismiss plaintiff's Ninth Amendment claim. Defendants assert that the Ninth Amendment is not a

substantive source of constitutional guarantees, but rather it serves as a savings clause which provides protection against the lowering, degrading or rejecting of any rights not specifically mentioned in the first eight amendments. Again, plaintiff chose not to respond to defendants' argument.

This court must consider the parameters of the Ninth Amendment before it can determine whether a Ninth Amendment claim can be based on a government employee's termination without a hearing. The Ninth Amendment preserves certain unarticulated fundamental rights which are implicit in the enumerated guarantees of the Bill of Rights. *Martinez v. Winner*, 548 F.Supp. 278, 287 (D.Colo.1982).

■ The Ninth Amendment is not a substantive source of constitutional guarantees. Instead, the amendment was drafted to cope with the problem created by the enumeration of specific rights in the Bill of Rights. Drafters of the constitution feared that certain rights may have been omitted, so they instituted a savings clause to avoid lowering, degrading or rejecting any rights which are not specifically mentioned. *Grossman v. Gilchrist*, 519 F.Supp. 173, 176 (N.D.Ill.1981).

The Seventh Circuit addressed the Ninth Amendment issue in *Quilici v. Village of Morton Grove*, 695 F.2d 261 (7th Cir.1982). In *Quilici*, the plaintiffs challenged the constitutionality of the Village of Morton Grove's gun control ordinance prohibiting possession of handguns. The plaintiffs maintained that the ordinance violated the Ninth Amendment of the United States Constitution. Plaintiffs argued that the right of an individual to own and possess firearms for self-defense is an absolute and inalienable right which cannot be impinged. The Seventh Circuit rejected plaintiffs' arguments. The *Quilici* court noted that the Supreme Court never embraced the theory that individuals have a fundamental right to bear arms. Consequently, the village ordinance was held constitutional because it did not abridge rights implicitly guaranteed by the Ninth Amendment.

■ In the present case, plaintiff failed to demonstrate that he was deprived of any fundamental right guaranteed by the Ninth Amendment. Plaintiff does not cite, and our research has not revealed, any compelling authority holding that a municipal employee has a fundamental right of continued employment guaranteed by the Ninth Amendment. Consequently, defendants did not abridge any right implicitly guaranteed by the Ninth Amendment. Accordingly, this court grants defendants' motion to dismiss plaintiff's Ninth Amendment claim.

### H. Tenth Amendment Claim

The Tenth Amendment to the United States Constitution provides:

> The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.

Defendants seek the dismissal of plaintiff's Tenth Amendment claim for the reason that it, like the Ninth Amendment, is not a substantive source of constitutional guarantees. Defendants contend that the Tenth Amendment simply provides that the state and the people have those powers not delegated to the United States or prohibited to the states by the Constitution. As usual, plaintiff did not respond to defendants' argument.

■ The Tenth Amendment serves as an affirmative external limitation on federal legislation. *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976). The Tenth Amendment protects the states from federal intrusion that might threaten their separate and independent existence. *EEOC v. Wyoming*, 460 U.S. 226, 103 S.Ct. 1054, 75 L.Ed.2d 18 (1983).

■ In the instant case, plaintiff fails to allege any conflict between the federal and state governments. Plaintiff does not identify any federal law that usurps any powers reserved to the state governments by the Tenth Amendment. Consequently, plaintiff fails to state a Tenth Amendment claim. Defendants' motion to dismiss plaintiff's Tenth Amendment claim is granted.

*Count II—Retaliatory Discharge*

In *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court allowed state claims lacking federal jurisdiction to be adjudicated with closely-related federal claims. Plaintiff's common law claim lacks a jurisdictional foundation in light of this court's decision to dismiss plaintiff's federal claims in Count I. As a result, this court dismisses Count II.

### CONCLUSION

This court grants defendants' motion to dismiss this case in its entirety. Plaintiff failed to state a 42 U.S.C. § 1983 claim against the defendants in Count I. Count II is dismissed for lack of subject matter jurisdiction.

Plaintiff is granted leave to file an amended complaint.

IT IS SO ORDERED.