**Donald B. GATES**

v.

**George SICARAS, et al.**

**Civ. No. H–84–1235 (PCD).**

United States District Court, D. Connecticut.

Feb. 7, 1989.

---

W. Paul Flynn, Flynn & Flynn, New Haven, Conn., for plaintiff.

Nicholas A. O'Kelly, Schatz Schatz Ribicoff & Kotkin, Hartford, Conn., for defendants.

## RULING ON MOTION FOR SUMMARY JUDGMENT

DORSEY, District Judge.

Plaintiff, a former Captain in the Hartford Police Department, brings this action under 42 U.S.C. § 1983 and the court's pendent jurisdiction against George Sicaras, former Chief of Police of the City of Hartford; Woodrow Wilson Gaitor, former City Manager; and the City of Hartford in relation to his suspension from employment on October 26, 1981. Plaintiff alleges the following causes of action:

(a) Count One—denial of his fourteenth amendment right to due process of law.

(b) Count Two—denial of his fourteenth amendment right to equal protection of the laws.

(c) Count Three—negligent or malicious leveling of charges.

(d) Count Four—negligent infliction of emotional distress.

Plaintiff seeks compensatory and punitive damages and attorney fees. Defendants move for summary judgment on all counts.

*Facts*

As gleaned from the Local Rule 9(c) statements,[1] plaintiff's deposition and affidavit, and materials submitted by defendants, the following appears to be the facts.

On October 26, 1981, Sicaras gave plaintiff oral and written notice of his suspension. The letter listed numerous charges and notified plaintiff that a hearing on the charges before a panel of three Majors in the department was scheduled for Novem-

---

**1.** Local Rule 9(c)(1) requires a party moving for summary judgment to annex a short and concise statement of the material facts as to which it contends there is no genuine issue. All such material facts are deemed admitted unless controverted by the opposing party's Local Rule 9(c)(2) statement.

ber 5, 1981. Plaintiff was also notified he was entitled to representation by counsel at that hearing. During his initial meeting with Sicaras, plaintiff did not respond to or comment on the charges.

The first hearing on these charges apparently was not held until September 1982. At duly noticed hearings conducted by the department, before a three-member board of officers, plaintiff was represented by counsel; permitted to call and cross-examine witnesses; introduce and challenge evidence; and subpoena witnesses and documents. At all times after his suspension, plaintiff had the right to appeal his suspension to the Personnel Board of the City of Hartford. *See* Charter of the City of Hartford, Ch. XVI, § 5(a); Warren Affidavit, ¶¶ 6, 8. The three-member board which heard the matter recommended that all charges be dismissed. By letter dated May 10, 1982, Sicaras withdrew the charges. A personnel order withdrew the suspension and returned plaintiff to active duty effective May 11, 1982.

Plaintiff was originally suspended without pay, but that order was rescinded and plaintiff eventually received pay checks for the entirety of his suspension. Plaintiff accepted the checks, but did not cash them, on the advice of counsel, until after the charges against him were withdrawn.

By letter dated May 2, 1983, the present Chief of Police notified plaintiff of his order withdrawing the charges against plaintiff and purging all references to such charges from plaintiff's personnel file. By letter dated July 8, 1983, the Personnel Board of the City of Hartford informed plaintiff that it also had dismissed the charges at a hearing on July 5, 1983.

*Discussion*

A. *Summary Judgment*

... Fed.R.Civ.P. 56(c) provides, in part, that summary judgment shall be rendered only when a review of the entire record demonstrates "that there is no genuine issue as to any material fact." The burden falls on the moving party to establish that no relevant facts are in dispute. *Heyman v. Commerce & Industry Ins. Co.,* 524 F.2d 1317, 1319–20

(2d Cir.1975); *accord Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 [90 S.Ct. 1598, 1608, 26 L.Ed.2d 142] (1970). Moreover, in determining whether a genuine issue has been raised, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 [82 S.Ct. 993, 994, 8 L.Ed.2d 176] (1972) (*per curiam*); *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980). Therefore, not only must there be no genuine issue as to the evidentiary facts, but there must also be no controversy regarding the inferences to be drawn from them. *Schwabenbauer v. Bd. of Educ.,* 667 F.2d 305, 313 (2d Cir.1981), *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 [106 S.Ct. 2505, 91 L.Ed.2d 202] (1986).

Properly employed, summary judgment allows the court to dispose of meritless claims before becoming entrenched in a frivolous and costly trial. *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9 (2d Cir.1986), *cert. denied,* [480 U.S. 932], 107 S.Ct. 1570 [94 L.Ed.2d 762] (1987). It must, however, be used selectively to avoid trial by affidavit. *Judge v. Buffalo,* 524 F.2d 1321 (2d Cir.1975). Hence, the fundamental maxim remains that on a motion for summary judgment a court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Heyman,* 524 F.2d at 1319–20. As long as the plaintiff has adduced sufficient facts to substantiate the elements of his claim, summary judgment is inappropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317 [106 S.Ct. 2548, 91 L.Ed.2d 265] (1986).

*Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57–58 (2d Cir.1987).

B. *Due Process*

Plaintiff alleges that his suspension constituted a deprivation of his property interest in public employment without due process of law. He claims that the "police personnel review board" convened to preside over his disciplinary hearing was ultra

**172**

vires and in violation of the Charter of the City of Hartford. He also claims that he was denied access to the procedures of the Hartford Personnel Board.

Defendants contend that plaintiff fails to allege any deprivation of a property interest secured by the Constitution or laws of the United States and that, even if plaintiff can show deprivation of a protected right, he fails to show that due process was not followed.

### 1. Property Interest

■ Plaintiff's federal constitutional claim depends on the existence of a property right in continued public employment. *See Board of Regents v. Roth,* 408 U.S. 564, 576–78, 92 S.Ct. 2701, 2708–10, 33 L.Ed.2d 548 (1972). Procedural due process applies only to the deprivation of interests protected by the fourteenth amendment, *id.* at 569, 92 S.Ct. at 2705, and not to the process alone. A property interest in public employment is not created by the Constitution, but rather is defined by reference to state law, including city ordinances. *See Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976); *Small v. Inhabitants of the City of Belfast,* 796 F.2d 544, 549 (1st Cir.1986); *Canfield v. Sullivan,* 774 F.2d 1466, 1467 (9th Cir.1985). To have a property interest in a benefit, a person must have more than a unilateral expectation of it. Instead, he must have a legitimate enforceable claim of entitlement to it. *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709.

In this context, "plaintiff has the burden of proving a legitimate enforceable claim of entitlement to his continued employment." *O'Donnell v. Village of Downers Grove,* 656 F.Supp. 562, 566–67 (N.D.Ill.1987). Plaintiff alleges he was a non-probationary civil servant of the City of Hartford. However, plaintiff does not substantiate this claim. Plaintiff fails to show any restrictions on the circumstances under which he could be terminated. Plaintiff also fails to identify any independent source, such as state law, city ordinance, or mutually ex-

plicit understanding, that creates a property interest in his continued public employment. *See Butcher v. City of Sikeston,* 683 F.Supp. 212, 214 (E.D.Mo.1988); *O'Donnell,* 656 F.Supp. at 566–67. In the absence of any showing by plaintiff as to the basis of his non-probationary status, the court must assume plaintiff was terminable-at-will. *Id.* at 567. Rule 56(e), Fed.R.Civ.P., requires the non-moving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). As plaintiff has not proffered any evidence establishing a constitutionally protected property interest in his job, he had nothing more than a unilateral expectation of continued employment. Accordingly, plaintiff was not entitled to the due process guarantees of notice and hearing in reference to his suspension. For all the record reflects, his suspension, ultimately, without loss of pay, may have been in total compliance with the terms and conditions of his employment, however such may have been established.

■ Even if plaintiff did have a property interest in his public employment, it is questionable whether plaintiff was ever deprived of that interest. Plaintiff was never terminated from his position, but rather he was suspended. *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 544–45, 105 S.Ct. 1487, 1494–95, 84 L.Ed.2d 494 (1985) (recognized suspension with pay pending a pre-termination hearing as a compromise between the governmental interest in immediate termination and the risk of erroneous termination prior to a hearing). Plaintiff eventually received his regular salary for the full period of suspension.[2] Plaintiff also claims economic loss from missed raises, loss of private duty jobs, loss of promotional opportunities, and loss of over-time. Plaintiff fails, however, to offer any evidence pointing to a claim of entitlement to such benefits of employment

---

**2.** Any delay in the actual receipt is not shown to have been protracted until the suspension was changed to be with pay and otherwise was

plaintiff's own choice of not cashing the checks immediately upon their receipt.

beyond his regular salary. Furthermore, plaintiff was eventually reinstated and his personnel record cleared. As such, he has not shown any deprivation of a property right, if such right did exist.

## 2. Process

■ Finally, the record establishes that the procedures employed by defendants provided plaintiff with the procedural due process safeguards required by the Constitution. "A pre-termination hearing, 'though necessary, need not be elaborate' and something less than a full evidentiary hearing can be sufficient prior to adverse disciplinary actions, depending on the nature of subsequent available procedures." *Meder v. City of Oklahoma City,* 672 F.Supp. 500, 503 (W.D.Okl.1987), quoting *Loudermill,* 470 U.S. at 545, 105 S.Ct. at 1495. Due process requires that the employee be given notice of the charges against him and an opportunity to present reasons, either in writing or in person, why the proposed action should not be taken. *See Loudermill,* 470 U.S. at 546, 105 S.Ct. at 1495. Such pre-termination procedures provide an initial check against erroneous discharge. *Id.* at 545, 105 S.Ct. at 1495.

As previously set forth, the undisputed facts show that plaintiff was provided with notice of the charges against him and given an opportunity to respond. Before his suspension, plaintiff was given oral and written notice of the charges against him at a meeting with Sicaras and advised that a hearing had been scheduled. Plaintiff does not claim that he was not given an opportunity to respond to the charges at this meeting.

Plaintiff was also provided with a hearing before a police disciplinary review board. Before this board, plaintiff was represented by counsel, permitted to call and cross-examine witnesses, and present and challenge evidence. In addition, plaintiff at all times had the right to appeal his suspension to the Personnel Board of the City of Hartford. *See* Hartford Charter, Ch. XVI, § 5(a). Plaintiff alleges he was denied access to the procedures of the Hartford Personnel Board, but fails to of-

fer any evidence controverting defendants' showing that plaintiff at all times had the ability to appeal his suspension to the Personnel Board. Warren Affidavit, ¶¶ 6, 8. Plaintiff eventually brought his case before the Personnel Board and they dismissed all charges against him.

Plaintiff argues that the type of disciplinary proceeding convened by the Hartford Police Department was unprecedented and illegal in that it was permitted neither by the internal procedures of the department nor by the rules governing city employees. Again, plaintiff offers no substantiation for his claim of illegality. In support of their motion for summary judgment, defendants submit the hearing rules and disciplinary procedures enacted by Sicaras pursuant to his authority as Chief of Police. *See* Hartford Charter, Ch. X, § 2. It appears that Sicaras had the authority to enact such procedures and that the procedures were followed in plaintiff's case. Further, plaintiff has not substantiated his claim that the actions of defendants violated the procedures of the City of Hartford Department of Personnel. Plaintiff apparently had the right to appeal his suspension to the Personnel Board at all times after his suspension and, in fact, took advantage of that right at some point in 1983, whereupon the Personnel Board dismissed the charges against him.

Even if defendants' actions were not in conformity with city procedures, the relevance of that fact to a due process analysis is questionable. "Due process does not mandate a particular procedure but rather requires only that certain safeguards exist in whatever procedural form is afforded." *Hartford Fed. Sav. & Loan v. Tucker,* 196 Conn. 172, 176, 491 A.2d 1084 (1985). As previously noted, the procedural safeguards with which plaintiff was provided fully met the requirements of the due process clause. That defendants may have failed to follow their own procedures or regulations will not support a federal claim under § 1983.

The due process clause is not a guarantee against incorrect or ill-advised personnel decisions. *Bishop,* 426 U.S. at 350, 96 S.Ct. at 2080. The purpose of hearings is

to prevent arbitrary disciplinary decisions and unfounded terminations. In this case, the procedures worked; plaintiff was reinstated; all charges were dropped; and his personnel file cleared. He received his pay during his suspension and was never actually terminated. As no material issues of fact exist on plaintiff's due process claim, defendants' motion for summary judgment on Count One is granted.

### C. Equal Protection

■ Plaintiff claims that he was singled out for special discipline and denied access to the disciplinary procedures of the City of Hartford. He claims that said action constituted a denial of the equal protection of the laws. Plaintiff also claims he "was not provided with adequate notice of the pendency of [the hearing] in that he was notified on a Friday evening of the existence of the board and ordered to appear before it the next Monday morning, thus being unable to ... adequately formulate a defense." Complaint, ¶ V(3). The claim is without merit. The undisputed facts show that plaintiff was notified on October 26, 1981, that a hearing was scheduled for November 5, 1981, and that, due to intervention of his counsel, such hearing was deferred and did not take place until September 1982. No claim is made that the hearing then held deprived him of a fair opportunity to present his case. The result belies any claim of unfairness.

In support of his claim, plaintiff, by affidavit, asserts that the police review board convened was, to his knowledge, the first such board ever convened by the department. As previously noted, plaintiff does not substantiate his claim that the board convened constituted a violation of any applicable regulation or ordinance.

To establish a claim of unequal protection, plaintiff must establish that "(1) ... compared with others similarly situated; [he] was selectively treated; and (2) that such selective treatment was based on [constitutionally] impermissible considerations." *LeClair v. Saunders*, 627 F.2d 606, 609 (2d Cir.1980), *cert. denied*, 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981). *See also Wulf v. City of Wichita*, 644 F.Supp. 1211, 1223 (D.Kan.1986).

Plaintiff has not provided any evidence of other disciplinary proceedings which were in conformity with city and departmental regulations nor which occurred in circumstances substantially similar to his. *Id.* In addition, plaintiff does not demonstrate that he was singled out for a different procedure for some invidious purpose. *See Dauel v. Board of Trustees of Elgin Community College*, 768 F.2d 128, 131 (7th Cir.1985). The equal protection clause does not provide a cause of action for every misapplication or arbitrary application of state law. *See E & T Realty v. Strickland*, 830 F.2d 1107, 1114 (11th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1225, 99 L.Ed.2d 425 (1988). "[T]he equal protection clause is primarily concerned with classes or groups, not individuals.... [A] case invoking the equal protection clause, if it is to succeed, must allege something more than a tort, personal to the plaintiff." *LeClair*, 627 F.2d at 611 (citations omitted). Plaintiff must establish that he was in fact singled out for special treatment and that defendants took the action intentionally to discriminate against him because of his membership in a constitutionally identifiable group. This plaintiff has not done. Plaintiff's argument would give every person who claims harassment by a government official a cause of action under the equal protection clause. However, the equal protection clause only protects individuals against invidious discrimination. As no genuine issue of material fact exists on plaintiff's equal protection claim, defendants' motion for summary judgment is granted.

### Summary

Defendants' motion for summary judgment is granted as to the first and second counts. Further, in the absence of any colorable federal cause of action, the court declines to exercise pendent jurisdiction over plaintiff's state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

SO ORDERED.