Stephen A. CYBULSKI

v.

William COOPER, Herbert J. Foy, Ronald Marcotte, Anjo Timmerman, Carl Sferrazza, and Raymond Bouchard.

Civ. No. 3:94CV00633 (PCD).

United States District Court, D. Connecticut.

June 16, 1995.

John R. Williams, Law Offices of John R. Williams, New Haven, CT, for plaintiff.

Dion W. Moore, Peter D. Clark, Williams, Cooney & Sheehy, Bridgeport, CT, Maria Nora Stavropoulos, Town of Enfield, Town Attys. Office, Enfield, CT, for defendants.

## RULING ON MOTION FOR SUMMARY JUDGMENT

DORSEY, Chief Judge.

Plaintiff brings this action against six of his fellow police officers in Enfield, Connecticut, claiming violations (1) of his Fourteenth Amendment procedural due process rights resulting from the loss of his moonlighting privilege; (2) of his procedural due process rights resulting from his three day suspension; (3) of his substantive due process rights under the Fourteenth Amendment; (4) of his Fourteenth Amendment liberty interest in his reputation; and (5) intentional infliction of emotional distress. Defendant moves for summary judgment as to all claims.

## I. *FACTS*

Plaintiff and Defendants were Enfield, Connecticut police officers. On July 6, 1990, Plaintiff received written permission from then Chief of Police Walter J. Skower to moonlight as a security officer at Memories Cafe.

The Enfield Guidelines and Application for Moonlighting establish internal procedures and require that a police officer must get permission from the Police Chief for each employment opportunity. The Guidelines also indicate that an officer must resign from a moonlighting job if it affects his police work or is contrary to the best interest of the Enfield Police Department.

On February 16, 1994, Defendant Cooper filed a report indicating that Plaintiff hindered Cooper's investigation of a complaint at Memories Cafe. Plaintiff disputes the report.

On February 16, 1994, Sferrazza informed Plaintiff that Defendant Foy (Chief of Police) had revoked Plaintiff's permission to moonlight at Memories Cafe. Sferrazza alleges that Plaintiff then referred to Cooper with a racial slur.

Foy subsequently issued a written suspension of Plaintiff for three days without pay which was delivered by defendant Bouchard

to Plaintiff after he indicated that he did not remember whether he made the racial slur. Plaintiff has filed grievances regarding the loss of his moonlighting job as well as his suspension.

## II. *DISCUSSION*

■ Summary judgement will be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgement as a matter of law. Fed. R.Civ.P. 56(c). The initial burden is on the moving party to demonstrate that there are no material issues of fact in dispute. *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir.1990). "All reasonable inferences and any ambiguities are drawn in favor of the non-moving party." *Id.*

### A. *Procedural Due Process*

■ Plaintiff alleges denial of his procedural due process rights in violation of Title 42 U.S.C. §§ 1983 and 1988. Due process requires a protected property interest, in which a person has "a legitimate claim of entitlement." *Board of Regents v. Roth*, 408 U.S. 564, 576–77, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Such an interest is generally created by state law. *Id.* Protected property interests may sometimes be created by contract or mutual agreement. *Brock v. Roadway Express, Inc.*, 481 U.S. 252, 260–61, 107 S.Ct. 1740, 1746–47, 95 L.Ed.2d 239 (1987).

### 1. *Moonlighting*

Defendants claim there is no such property interest in moonlighting which derives from a department policy, not a contract. Plaintiff contends that the policy is part of his employment contract. Absent evidence regarding the contract, the policy cannot be found to be part of the contract.

■ However, even if the policy is part of the contract, procedural protection is not warranted because the State has not revoked a "status, an estate within the public sphere characterized by a quality of either extreme dependence ... or permanence...." *S & D Maintenance Co. v. Goldin*, 844 F.2d 962, 966 (2d Cir.1988). The Guidelines and Application for Moonlighting notified Plaintiff that a moonlighting job was "secondary" and could be revoked if found to be "contrary to the best interest of the Enfield Police Department." Plaintiff's primary employment as a police officer including benefits is unaffected. As a temporary and conditional source of supplemental income, plaintiff had no absolute nor assured right to the moonlighting.

■ Plaintiff characterizes the policy as state law. It is questionable whether an internal policy can be characterized as a state law. Even if it were, the policy's conditional language does not qualify the job for due process protection. When state law "makes the pertinent official action discretionary, one's interest ... does not rise to the level of a property right entitled to procedural due process." *RR Village Ass'n v. Denver Sewer Corp.*, 826 F.2d 1197, 1201–02 (2d Cir.1987). The policy grants discretion over permission to moonlight to the Police Chief. This kind of discretion over granting or withdrawing a benefit bars the necessary finding of entitlement to that benefit. *Plaza Health Laboratories, Inc. v. Perales*, 878 F.2d 577, 581 (2d Cir.1989). Plaintiff has not demonstrated a property interest in moonlighting which qualifies for due process protection. The motion for summary judgment on this claim is granted.

### 2. *Suspension*

■ Plaintiff alleges that he was suspended for three days without notice or a meaningful opportunity to be heard in violation of Title 42 U.S.C. §§ 1983 and 1988. A public employee must be given notice and an opportunity to respond to charges against him before he is discharged. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985).

■ Plaintiff was suspended, not discharged. The Supreme Court has not held that due process requires a pre-suspension disciplinary hearing for public employees. *Signet Const. Corp. v. Borg*, 775 F.2d 486 (2d Cir.1985) (recognizing that a hearing is not always required prior to deprivation of property). It has been held that the suspension of a public employee without a hearing did

not violate due process. *Weg v. Macchiarola*, 729 F.Supp. 328, 338 (S.D.N.Y.1990), *reversed on other grounds*, 995 F.2d 15 (2d Cir.1993). *Weg* relied on the reasoning of *Gates v. Sicaras*, 706 F.Supp. 169, 172 (D.Conn.1989), which held that deprivation of a property interest is questionable when one is suspended, rather than dismissed.

Even if the suspension deprived Plaintiff of a property interest, a post-deprivation remedy may constitute due process. *Weg*, 729 F.Supp. at 338. The grievance process available affords a post-deprivation remedy.

██ In determining whether certain procedures meet due process requirements, a court must consider: (1) the private interest at stake; (2) the governmental interest at stake; and (3) the risk of an erroneous deprivation of the interest. *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). Based on this test, a union grievance process was found to satisfy due process even where an employee was discharged and the union refused to act on his behalf. *Tedesco v. City of Stamford, et al.*, 222 Conn. 233, 245, 610 A.2d 574 (1992).

Plaintiff's property interest, if any, in his suspension is protected by the available post-deprivation remedy. Due process was thus satisfied. Plaintiff has in fact submitted a grievance which is pending. Therefore, the motion for summary judgment on this claim is granted.

### C. *Substantive Due Process*
#### 1) *Property Interest*

Interests which are protected by procedural due process must be legitimate claims of entitlement. *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709; *RRI Realty Corporation v. Incorporated Village of Southampton*, 870 F.2d 911 (2d Cir.), cert. denied, 493 U.S. 893, 110 S.Ct. 240, 107 L.Ed.2d 191 (1989). Thus Plaintiff must demonstrate deprivation of a protected property interest to bring a substantive due process claim.

It has been determined that plaintiff does not have a protected property interest in his moonlighting job. Plaintiff also has not shown that his suspension constitutes a deprivation of a protected property interest.

Thus, Plaintiff cannot bring a substantive due process claim on either ground. The motion for Summary judgment on this claim is granted.

#### 2. *Liberty Interest in Reputation*

██ Plaintiff alleges that Defendants deprived him of his Fourteenth Amendment liberty interest in his reputation by comments derogatory to him. "Damage to reputation alone, even by a government entity, does not implicate a liberty interest protected by the Due Process Clause." *Silano v. Sag Harbor Union Free School Dist. Bd.*, 42 F.3d 719, 724 (2d Cir.1994) (citing *Paul v. Davis*, 424 U.S. 693, 710, 96 S.Ct. 1155, 1164–65, 47 L.Ed.2d 405 (1975)). A modification or termination of some legal right or status must occur before damage to reputation will rise to the level of a constitutional deprivation. *Silano*, 42 F.3d at 724. Plaintiff's status was not significantly altered. He was suspended for three days in a disciplinary matter; his full-time employment was not terminated or put into jeopardy. It has been determined that plaintiff does not have a protected interest in the loss of his part-time job. Absent the loss of some protected interest, Plaintiff's reputation claim fails. Accordingly, the motion for summary judgment on this claim is granted.

### E. *First Amendment Rights*

Plaintiff has abandoned his claim that his First Amendment Rights were violated. Therefore, the motion for summary judgment on this claim is granted.

### F. *State Law Claim*

The Court, in its discretion, declines to exercise its supplemental jurisdiction over the state law claim of intentional infliction of emotional distress. 28 U.S.C. § 1367(c)(3). Thus, this claim is dismissed without prejudice.

### III. *CONCLUSION*

The motion for summary judgment (document # 19) is granted as to all claims except

for emotional distress which is dismissed without prejudice.

SO ORDERED.