**James S. GRAYS, Plaintiff,**

v.

**Donovan BARTELT, Thomas Stein, Fred Breen and the City of Joliet, a Municipal Corporation, Defendants.**

**No. 88 C 3812.**

United States District Court, N.D. Illinois, E.D.

Jan. 18, 1989.

Jeffrey Whitcomb, Andrew J. Horwitz, Marc A. Perper, Clifford W. Horwitz, Mitchell Horwitz, Horwitz Horwitz & Associates, Chicago, Ill., for plaintiff.

Thomas A. Thanas, Norma J. Guess, Jeffrey S. Phyman, Michael R. Phillips, Office of Corp. Counsel, Joliet, Ill., for defendants.

## MEMORANDUM OPINION
## AND ORDER

ASPEN, District Judge:

Plaintiff James S. Grays brings this three-count action under 42 U.S.C. § 1983 against defendants Donovan Bartelt, Thomas Stein, Fred Breen and the City of Joliet.

Grays alleges that on May 28, 1988, Bartelt and Stein, Joliet police officers, arrived at Grays' property to investigate a reported trespass. The two officers assaulted Grays with their fists and various objects. Grays charges in Count I that the assault constituted excessive and unreasonable force, and the officers' failure to seek timely medical care for Grays violated his civil rights. In Count II, Grays alleges that on numerous prior occasions, Breen, Joliet Chief of Police, "acknowledged, acquiesced, encouraged, ratified and/or adopted certain conduct" amounting to a "policy, custom or practice of the use of excessive and/or unreasonable force" against racial minorities. Grays also alleges generally that Breen failed to adequately train, discipline and supervise the officers, retained officers with a history of using excessive force and established a policy encouraging the use of

excessive force against racial minorities. In Count III, Grays charges Joliet with similar policies and practices. Breen and Joliet move to dismiss all claims against them. For the following reasons, the motion to dismiss is granted.

### Count II: Fred Breen

■ It is well settled that mere supervisory status does not create liability in a § 1983 action. *Wilson v. Civil Town of Clayton,* 839 F.2d 375, 384 (7th Cir.1988); *Schultz v. Baumgart,* 738 F.2d 231, 238–39 (7th Cir.1984). To state a claim against a supervisor, a plaintiff must allege *facts, not mere conclusions,* demonstrating the supervisor's personal involvement in the unconstitutional activities of subordinates. While this personal involvement need not be direct, at a minimum, the plaintiff must allege knowledge or deliberate indifference to the subordinate's actions. *Volk v. Coler,* 845 F.2d 1422, 1431 (7th Cir.1988); *Little v. Walker,* 552 F.2d 193 (7th Cir.1977), *cert. denied,* 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 530 (1978).

■ Grays has failed to allege sufficient facts to state a claim against Breen. His complaint contains a long list of conclusions without any factual support. For example, Grays charges the acknowledgement and encouragement of past unconstitutional conduct by Joliet officers, but fails to identify the officers involved in and the specifics of that past conduct. He also alleges a policy of excessive force but alleges no facts supporting the existence of such a policy. A plaintiff cannot make unsupported allegations in a complaint and then use discovery to find some basis for them. The only specific factual allegation that Grays makes is that Breen was Bartelt and Stein's supervisor. Such is insufficient to impose liability. Accordingly, Count II is dismissed.

### Count III: City of Joliet

■ Grays' claim against Joliet is similarly deficient. Municipal liability cannot attach in a § 1983 action merely on the activities of its employees. *Monell v. Department of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). A municipality can be held liable only when a policy, custom or practice of the city is the proximate cause of the plaintiff's constitutional injury. *Gray v. Dane County,* 854 F.2d 179, 183 (7th Cir.1988); *Strauss v. Chicago,* 760 F.2d 765, 767 (7th Cir.1985). The policy must be the "moving force" behind the constitutional violation. *Polk County v. Dodson,* 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981). Inaction or acquiescence by the city with knowledge of unconstitutional practices by its employees may support municipal liability when there exists an "extremely high level of culpability." *Lenard v. Argento,* 699 F.2d 874, 885 (7th Cir.), *cert. denied,* 464 U.S. 815, 104 S.Ct. 69, 78 L.Ed.2d 84 (1983). However, isolated acts by those employees are insufficient. *City of Oklahoma v. Tuttle,* 471 U.S. 808, 822–24, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985).

■ At a minimum, the plaintiff must allege "a pattern or a series of incidents of unconstitutional conduct." *Powe v. Chicago,* 664 F.2d 639, 650 (7th Cir.1981). As with supervisory liability, the plaintiff must plead "some fact indicating the existence of some such policy," and cannot rest the claim on boilerplate language in the hopes of finding supporting facts in discovery. *Strauss,* 760 F.2d at 768; *Williams v. Chicago,* 658 F.Supp. 147, 150 (N.D.Ill.1987); *O'Donnell v. Village of Downers Grove,* 656 F.Supp. 562, 565 (N.D.Ill.1987). Grays charges against Joliet of unconstitutional policies and practices are no more supported by factual allegations than his similar claims against Breen. Accordingly, Count III is dismissed.

### Conclusion

For the reasons set forth above, Breen and the City of Joliet's motion to dismiss is granted. The joint pretrial order on the remaining count is rescheduled for submission in open court on February 10, 1989, at 10:30 a.m. It is so ordered.