Marcos **PEREZ**, Plaintiff,

v.

Michael P. **LANE** et al., Defendants.

No. 90–1118.

United States District Court,
C.D. Illinois,
Peoria Division.

March 19, 1992.

James P. Baker, Springfield, Ill., for plaintiff.

Lawrence C. Rippe, Atty. Gen., Bruce Stratton, Springfield, Ill., Randy Patchett, Winters Brewster Murphy Crosby & Patchett, Marion, Ill., for defendants.

## ORDER

McDADE, District Judge.

Before the Court is certain Defendants' Motion To Dismiss the Second Amended Complaint (Doc. # 24, Part 1). To the extent that the motion addresses Count II of the Second Amended Complaint, the motion is granted.

## BACKGROUND

Plaintiff brings Count II under 42 U.S.C. § 1983. Plaintiff is an adult male Hispanic who was hired as a Corrections officer by the Illinois Department of Corrections in 1988 and was assigned to the Henry C. Hill Correctional Center in Galesburg, Illinois. According to the Complaint, on numerous occasions since his hire, Plaintiff has applied for promotion to the position of lieutenant with the Department of Corrections, and last applied on September 8, 1989. Plaintiff has not been promoted to lieutenant.

Plaintiff alleges that Defendants denied Plaintiff the promotion because he is a Hispanic, and that this violates Plaintiff's right to equal protection of the law as guaranteed by the Fourteenth Amendment. Plaintiff sues the following Defendants with respect to Count II: Michael Lane, who at times relevant was the Director of the Department of Corrections of the State of Illinois; Kenneth McGinnis, who was and is the Director of the Department of Corrections of the State of Illinois; Jerry D. Gilmore, Warden of the Henry C. Hill Correctional Center of the Department of Corrections of the State of Illinois; Sam Riley, Captain in the Department of Corrections of the State of Illinois working at the Henry C. Hill Correctional Center; Marion Yeazle, Major in the Department of Corrections of the State of Illinois working at the Henry C. Hill Correctional Center; and Michael Tristano, Director of the Department of Central Management Services of the State of Illinois. All defendants are sued in their individual capacities, and defendants Mcginnis, Gilmore and Tristano are also sued in their official capacities.

Defendants seek to dismiss the Second Amended Complaint on the grounds that it fails to allege what Fourteenth Amendment rights Plaintiff claims were violated, that defendants were personally involved in denying Plaintiff a promotion, or that there was a causal link between Plaintiff's ethnic background and the failure to be promoted. Defendants further contend that the Eleventh Amendment bars a suit for damages against Defendants' Gilmore and McGinnis[1] in their official capacities, and that defendants are entitled to qualified immunity from suit for damages for their actions as government officers.

---

1. Presumably this argument would also apply to defendant Tristano.

## APPLICATION OF LAW

On a motion to dismiss, the Court must assume the truth of all well-pleaded facts in Plaintiff's complaint and view them in the light most favorable to Plaintiff. *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.,* 805 F.2d 732, 733 (7th Cir.1986), *cert. denied,* 482 U.S. 915, 107 S.Ct. 3188, 96 L.Ed.2d 676 (1987). Dismissal is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). However, conclusory allegations that lack an underlying factual basis are not sufficient to survive a motion to dismiss. *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir. 1981), *aff'd,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).

■ At the outset, it should be noted that Plaintiff did specify that his Fourteenth Amendment right to equal protection was violated. Plaintiff's complaint is not deficient on these grounds. Further, defendants are not entitled to Eleventh amendment immunity on the grounds that Plaintiff seeks money damages from defendants in their official capacities with respect to Count II.[2] Plaintiff, in response to the motion to dismiss, specifically states that he is not seeking damages from defendants in their official capacities, but rather, is seeking injunctive relief.[3] Nor are defendants entitled to qualified immunity from suit for damages based on the allegations contained in Count II. Officials cannot receive qualified immunity if their conduct violates clearly established constitutional rights of which a reasonable person would have known. *Conner v. Reinhard,* 847 F.2d 384 (7th Cir.1988), *cert. denied,* 488 U.S. 856, 109 S.Ct. 147, 102 L.Ed.2d 118 (1988). That Hispanics are protected from discrimination under the equal protection clause of the Fourteenth Amendment is clearly established, and a reasonable person would have known this.

■ Defendants also argue that Plaintiff has failed to state a causal connection between Plaintiff's ethnic heritage and his failure to be promoted. The complaint specifically alleges that Plaintiff was not promoted because he was Hispanic. The Court does not understand defendants' argument on these grounds, perhaps because it was only specifically addressed with respect to Count I. The Court will not speculate as to what defendants' specific arguments are with respect to the insufficiency of the causal allegations of Count II, and will not dismiss on these grounds.[4]

■ However, Plaintiff's complaint must be dismissed to the extent that Plaintiff seeks relief against defendants in their individual capacities because of its complete failure to allege facts indicating the personal involvement of any defendant in denying

---

2. Although not raised by Defendants, the Court notes that Plaintiff fails to allege facts indicating that an official capacity suit is proper. A plaintiff seeking to sue a defendant in an official capacity must allege that the defendant's action that is purportedly under color of state law is linked to a governmental policy or custom. *See e.g. Hill v. Shelander,* 924 F.2d 1370, 1372 (7th Cir.1991), *reh'g denied en banc,* 1991 U.S.App. LEXIS 4798 (7th Cir.1991); *City of St. Louis v. Praprotnik,* 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988).

3. It should be noted that the right to bring an official capacity suit for injunctive relief is also limited to claims for certain types of injunctive relief. *See e.g. Will v. Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 2311 n. 10, 105 L.Ed.2d 45 (1989); *American Federation of State, County and Municipal Employees v. Tristano,* 898 F.2d 1302 (7th Cir.1990). This issue is not presently before the Court.

4. However, the Court notes that in the current complaint, Plaintiff alleges only that he is Hispanic and that he was denied a promotion. If Plaintiff seeks to file an amended Count II, he should keep in mind that in order to prove a claim under 42 U.S.C. § 1983 for violation of the equal protection clause, Plaintiff must demonstrate that he was treated differently from others similarly situated. *Sims v. Mulcahy,* 902 F.2d 524, 538 (7th Cir.1990); *Limes–Miller v. City of Chicago,* 773 F.Supp. 1130, 1140 (N.D.Ill. 1991). Additionally, Plaintiff must establish that defendants acted with discriminatory intent. *Sims,* 902 F.2d at 539; *Limes–Miller,* 773 F.Supp. at 1140. Plaintiff must plead facts sufficient to outline the elements of his cause of action and may not rest on bare conclusory allegations. *Sutliff, Inc. v. Donovan Cos., Inc.,* 727 F.2d 648 (7th Cir.1984).

Plaintiff a promotion. While Plaintiff need not prove his case at the pleading stage, he must allege facts, not mere conclusions, indicating the defendants' personal involvement in the allegedly unconstitutional activities. *Weber v. Village of Hanover Park*, 768 F.Supp. 630 (N.D.Ill.1991); *Grays v. Bartelt*, 714 F.Supp. 293 (N.D.Ill. 1989). Plaintiff alleges no facts regarding the participation of any of the defendants in denying Plaintiff a promotion.

## CONCLUSION

For the foregoing reasons, Count II of Plaintiff's Second Amended Complaint is dismissed without prejudice. Plaintiff is granted leave to file an amended Count II within 14 days.