KAREN LEVITT, Plaintiff-Appellee, v. MELBOURNE E. GORRIS, Chief of Police of the Village of Orland Park, *et al.*, Defendants-Appellants.

First District (4th Division)   No. 87—1272

Opinion filed March 3, 1988.

Goldstine and Broida, Ltd., of Summit (Ronald J. Broida and Steven S. List, of counsel), for appellants.

Thomas Anthony Durkin, P.C., of Chicago (Thomas Anthony Durkin and Ronald V. Hirst, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Karen Levitt, brought an action in the circuit court of Cook County against defendants, the Village of Orland Park (Village) and Melbourne Gorris, the chief of police of Orland Park. Plaintiff sought damages and injunctive relief for injuries that she allegedly sustained by her discharge as a probationary police officer with the Orland Park police department.

Defendants moved to dismiss plaintiff's first amended complaint. The trial court denied the motion, but certified the following questions for review under Supreme Court Rule 308 (107 Ill. 2d R. 308):

"(a) Do the rules and regulations of a board of fire and police commissioners grant rights of employment to a probationary police officer?

(b) Does a Village have liability for the discretionary acts of its board of fire and police commissioners?

(c) Do the allegations of the First Amended Complaint sufficiently state a cause of action for the injunctive relief sought?

(d) Are the allegations of the First Amended Complaint sufficient to state a cause of action against the Chief of Police for the tortious interference of a parol officer's claimed employment contract?

(e) Can punitive damages be claimed against a Chief of Police for the alleged tortious interference with a probationary police officer's claimed employment contract?"

We reverse and remand with directions.

BACKGROUND

In determining whether to allow a motion to dismiss, a court must take well-pled allegations of fact contained in the complaint as true and construe all reasonable inferences therefrom in the plaintiff's favor. (*Cook v. Askew* (1975), 34 Ill. App. 3d 1055, 1057, 341 N.E.2d 13, 15.) In the instant case, plaintiff's first amended complaint contained two counts. Count I was labelled as a breach of contract action against the Village. Plaintiff alleged that on April 3, 1985, defendants hired her as a probationary police officer with the Orland Park police department. She further alleged that, in a letter dated March 3, 1986, defendants discharged her without explanation.

Plaintiff alleged that the Village breached its own rules by discharging her. Chapter III, section 10(c) of the "Rules and Regulations of the Board of Fire and Police Commissioners of Orland Park, Illinois," provides in pertinent part:

"All original appointments shall be for a probationary period of not less than eighteen (18) months from original date of appointment. If the appointee's services have not been satisfactory, he will be discharged * * *."

Plaintiff alleged that her performance as a probationary police officer was more than satisfactory; she performed her duties in accordance with all applicable rules and regulations. Plaintiff alleged that since the above-quoted rule provides for discharge if "the appointee's services have not been satisfactory," then defendants breached their contract by discharging her. Plaintiff further alleged that the discharge injured her by depriving her of wages, besmirching her reputation, and hampering her in finding new employment. Plaintiff sought from the Village either $10,000 in compensatory damages or a mandatory injunction ordering defendants to reinstate her in her former position with back pay and costs.

Plaintiff directed count II of her first amended complaint against Police Chief Gorris, labelled as an action for tortious interference with a contractual relationship. Plaintiff alleged that Gorris never expressed any dissatisfaction with her job performance. Further, by recommending to the board of police and fire commissioners and the Village that plaintiff be discharged, Gorris, at the least, implicitly indicated that her performance was unsatisfactory, a fact which he knew to be false. Plaintiff sought from Gorris compensatory and punitive damages and costs.

Defendants moved to dismiss plaintiff's first amended complaint pursuant to section 2—615(a) of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—615(a).) On February 20, 1987, the trial court denied defendant's motion to dismiss. On April 20, 1987, the trial court certified the above-quoted question for review. We granted leave to appeal. (107 Ill. 2d R. 308.) We answer the first question in the negative. We need not, therefore, address the remaining questions.

Opinion

Defendants claim that the trial court should have dismissed plaintiff's complaint. They contend that plaintiff, as a probationary employee, had no statutory right to continued employment. Thus, defendants argue, they could discharge plaintiff for any or no reason;

they owed her no explanation.

Defendants are correct that probationary police officers have no right to continued employment under the Illinois Municipal Code. (Ill. Rev. Stat. 1985, ch. 24, par. 10—2.1—15.) "[P]robationary employees can be fired for any reason and are not entitled to a pretermination hearing or prior written notice of charges." (*Kapsalis v. Board of Fire & Police Commissioners* (1986), 143 Ill. App. 3d 465, 468, 493 N.E.2d 56, 58, citing *Romanik v. Board of Fire & Police Commissioners* (1975), 61 Ill. 2d 422, 425, 338 N.E.2d 397, 399.) The rationale for the rule is that written and physical examinations lack realistic working conditions, are inadequate measures of a candidate's ability, and also give inadequate warnings of undesirable characteristics. Rather, only a probationary appointment, for a reasonable period, accurately tests a candidate's fitness for the job. 61 Ill. 2d at 424-25, 338 N.E.2d at 399.

Plaintiff agrees with these legal principles and concedes that defendants violated no provision of State law. However, she claims that the above principles do not apply to this case. Rather, plaintiff contends that an enforceable contract existed between her and defendants. Further, this contract provided that defendants could discharge her *only* for unsatisfactory job performance.

Plaintiff relies on *Duldulao v. St. Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 505 N.E.2d 314. In *Duldulao,* our supreme court recently held:

> "[A]n employee handbook or other policy statement creates enforceable contractual rights if the traditional requirements for contract formation are present. First, the language of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer has been made. Second, the statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer. Third, the employee must accept the offer by commencing or continuing to work after learning of the policy statement. When these conditions are present, * * * a valid contract is formed." 115 Ill. 2d at 490, 505 N.E.2d at 318.

Plaintiff considers the fire and police board rules to be an "employee handbook" that contains a voluntary contract between herself and defendants. She points to the above-quoted fire and police board rule stating "[i]f the appointee's services have not been satisfactory, he will be discharged." Plaintiff interprets this language as a voluntary, contractual guarantee that she would not be discharged as long

as her performance was satisfactory. Thus, plaintiff argues that "this case deals with contract rights, not statutory rights. Just because the Defendants have no statutory obligation to grant the Plaintiff any employment rights, this does not mean that they are free to ignore rights that they elected to voluntarily confer on the Plaintiff in the employee handbook." The trial court relied on *Duldulao* in ruling that the complaint stated causes of action for breach of contract and tortious interference with a contractual relationship.

■ We conclude that the principles enunciated in *Duldulao* do not apply to the facts of this case. Plaintiff misperceives the nature of the fire and police board rule stating "[i]f the appointee's services have not been satisfactory, he will be discharged." This rule was not an employer's voluntary promise forming the basis of a contract with an employee. Rather, the Municipal Code required defendants to make rules for appointments and removals, in accordance with its provisions. Ill. Rev. Stat. 1985, ch. 24, par. 10—2.1—5.

Plaintiff argues that the rule should have simply stated "Probationary employees have no rights to continued employment"; any statement beyond this constitutes a voluntary contractual obligation. We disagree. Defendants went no further than what the Municipal Code required. The rule did not promise probationary police officers any pretermination hearing, prior written notice of charges, or even an explanation. *Duldulao* is, thus, inapplicable.

■ Without *Duldulao*, plaintiff's argument of a contractual right to continued public employment fails. The Municipal Code authorizes a probationary status for police officers. (Ill. Rev. Stat. 1985, ch. 24, par. 10—2.1—15.) It is well settled that legislative acts fixing the terms or tenure of employment of public employees do not create private contractual rights. "The presumption is that such a law is not intended to create private contractual or vested rights, but merely declares a policy to be pursued until the Legislature shall ordain otherwise." *Dodge v. Board of Education* (1937), 302 U.S. 74, 78-79, 82 L. Ed. 57, 62, 58 S. Ct. 98, 100.

■ A complaint is properly dismissed where it clearly appears that no set of facts can be proved which will entitle the plaintiff to relief. (*Rinck v. Palos Hills Consolidated High School District No. 230* (1979), 82 Ill. App. 3d 856, 863, 403 N.E.2d 470, 474.) Based on the above analysis, we hold that count I of the complaint does not state a cause of action against the Village for breach of contract. We further hold that count II of the complaint does not state a cause of action against Police Chief Gorris for tortious interference with a contractual relationship; no contractual relationship existed between

plaintiff and the Village with which he could interfere.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded with directions that the court dismiss the complaint.

Reversed and remanded with directions.

JIGANTI, P.J., and JOHNSON, J., concur.