WINSTON E. RAGON, Plaintiff-Appellant, v. GERALD L. DAUGHTERS, as Chief of Police of the Village of Creve Coeur, *et al.*, Defendants-Appellees.

Third District   No. 3—92—0273

Opinion filed December 22, 1992.

G. Edward Orr, of Reardon, Orr & Dvorak, of East Peoria, for appellant.

Rochford & Associates, of Peoria (Michael D. Gifford, of counsel), for appellees.

JUSTICE SLATER delivered the opinion of the court:

Plaintiff, Winston Ragon, filed a complaint in the circuit court of Tazewell County seeking administrative review of an order of defendant, Board of Fire and Police Commissioners of the Village of Creve Coeur (the Board), that terminated plaintiff's employment with the

Creve Coeur police department. The circuit court affirmed the decision of the Board and plaintiff appeals.

In May of 1990, plaintiff was hired by the Creve Coeur police department as a probationary police officer. In July 1990, Creve Coeur Police Chief Gerald Daughters ordered plaintiff to attend a basic training course at the Police Training Center (the Center) in Springfield. Plaintiff was instructed to attend classes beginning September 30 and continuing until December 14.

On October 1, Chief Daughters received a message on his answering machine from plaintiff indicating that he had left the Center and would not be able to attend classes due to a court hearing on October 3 concerning the custody of his child. Daughters contacted the director of the Center and arranged for plaintiff to be readmitted to classes if he returned after the court hearing on October 3. Daughters then ordered plaintiff to return to class immediately after his court appearance, and plaintiff told Daughters that he would do so.

On October 4, plaintiff contacted Daughters and told him that he had not returned to the Center because his court appearance had lasted until approximately 8:30 p.m. on the prior evening and additional court dates were scheduled. Daughters again contacted the Center and enrolled plaintiff in the class session beginning January 6, 1991.

Plaintiff contacted Daughters on January 6 and said that he was not going to attend class. Plaintiff stated that he was again having child custody problems and that he would present Daughters with a memorandum of explanation on January 7. Plaintiff went to Daughters' office on January 9 to discuss the situation. Plaintiff indicated that he was not refusing to attend the training course but would rather attend at a different time, preferably during the summer when he could arrange child care.

Daughters filed charges against plaintiff with the Board alleging neglect of duty, disobedience of orders and absence from duty without leave. At a hearing before the Board on February 8, 1991, plaintiff admitted that he was guilty of the charges alleged in the complaint, but asked that the Board consider his personal problems as factors in mitigation. The Board found plaintiff guilty of the alleged misconduct and terminated his employment. The Board's decision was affirmed by the circuit court on administrative review.

■ On appeal, plaintiff contends that he was not fired "for cause" as required by section 10–2.1–17 of the Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 10–2.1–17). That section provides that no officer may be dismissed except for cause upon written charges

and after an opportunity to be heard at an impartial hearing. A "cause" for discharge has been defined as a substantial shortcoming which renders the employee's continuance in office detrimental to the discipline and efficiency of the service, and something which the law and public policy recognize as good cause for no longer holding the position. *Griggs v. North Maine Fire Protection Board of Fire Commissioners* (1991), 216 Ill. App. 3d 380, 576 N.E.2d 1082; *Walsh v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 101, 449 N.E.2d 115.

■■ We need not decide whether the evidence presented at the hearing was sufficient to discharge plaintiff for "cause" because plaintiff was a probationary officer. It is well settled that probationary police officers may be discharged for any reason and are not entitled to a pretermination hearing or prior written notice of charges. (*Romanik v. Board of Fire & Police Commissioners* (1975), 61 Ill. 2d 422, 338 N.E.2d 397; *Levitt v. Gorris* (1988), 167 Ill. App. 3d 88, 520 N.E.2d 1169; *Kapsalis v. Board of Fire & Police Commissioners* (1986), 143 Ill. App. 3d 465, 493 N.E.2d 56.) In *Romanik*, our supreme court specifically held that "the protection afforded by section 10—2.1—17 does not extend to probationary officers." (*Romanik*, 61 Ill. 2d at 425, 338 N.E.2d at 399.) Because plaintiff was a probationary officer, he was not entitled to a determination of "cause" for discharge.

■■ Plaintiff contends that the Board was estopped from discharging him for anything less than "cause." Plaintiff argues that because the Board afforded him the procedural protection of a hearing under section 10—2.1—17, the Board was also required to give plaintiff the substantive protection of that section, *i.e.*, a determination that he was fired for "cause." This argument is without merit. As discussed above, the "for cause" standard applies only to fully appointed officers and does not apply to probationary officers. The Board could have discharged plaintiff without written notice of the charges and without an opportunity to be heard. The fact that the Board held a hearing pursuant to section 10—2.1—17, a procedure which could only benefit plaintiff, does not mean plaintiff was entitled to the substantive protection afforded to fully commissioned officers under that section. See *Doyle v. Board of Fire & Police Commissioners* (1977), 48 Ill. App. 3d 449, 363 N.E.2d 79 (extension of additional due process rights, to the benefit of plaintiff, does not change the rule of *Romanik*).

Plaintiff contends that because the notice of hearing he received stated that the hearing would be held pursuant to section 10—2.1—17, he believed that he was entitled to the "for cause" standard set out in

that section. However, the record clearly indicates that plaintiff knew throughout the course of these proceedings that, as a probationary officer, his discharge was subject to a lesser standard. Plaintiff himself told the Board that he recognized that he was not entitled to a "for cause" determination, and requested an extension of his probationary period, a punishment not provided for under section 10—2.1—17. Plaintiff was certainly aware of his probationary status and the ramifications of that status at his discharge hearing.

For the reasons stated above, the order of the circuit court of Tazewell County is affirmed.

Affirmed.

BARRY, P.J., and McCUSKEY, J., concur.