DAVID HORTON, Plaintiff-Appellee, v. CATERPILLAR, INC., Defendant-Appellant.

Third District    No. 3—93—0682

Opinion filed April 7, 1994.—Rehearing denied May 18, 1994.

James P. Osick and Theodore C. Stamatakos, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellant.

Jerry Serritella, of Peoria, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Caterpillar, Inc., brings this permissive interlocutory appeal pursuant to Supreme Court Rule 308 (157 Ill. 2d R. 308) in an action brought against it by a former employee, the plaintiff, David Horton. The sole issue before us is whether the plaintiff's former Federal action acts as a bar to the present litigation under principles of *res judicata*. The facts presented are those gleaned from the opinions in the Federal action and the pleadings attached to the parties' briefs.

Horton was a Caterpillar employee for over 20 years and a member of the United Automobile, Aerospace and Agricultural Implement Workers of America Union (the union). Horton was placed on disability leave from his job at Caterpillar in January of 1989. Horton's employment was terminated on March 10, 1989. Section 14.6 of the collective bargaining agreement in effect at the time of his dismissal provided in pertinent part: "An employee who accepts employment elsewhere during a leave of absence, without the consent of the Company, shall be deemed to have voluntarily quit." According to Horton's complaint filed in Federal court on September 12, 1990, the stated reason for his termination was that Horton had received income from his automobile repair business while on disability and without Caterpillar's knowledge.

After his dismissal, Horton filed a grievance with the union claiming that Caterpillar had incorrectly determined that he acted in violation of section 14.6 of the collective bargaining agreement. On January 19, 1990, a union representative informed Horton by phone that the union had determined that he could not win in arbitration and that it was therefore withdrawing his grievance. On January 26, 1990, Horton's attorney wrote the union representative requesting that the union reconsider its decision. The union's attorney wrote to Horton's attorney on January 30, 1990, explaining that the grievance was dropped because the union determined the grievance could not be successfully pursued. The letter informed the attorney of Horton's right to appeal the union's decision to the international executive board (IEB). Attached to the letter were the pertinent provisions of the union constitution. The interunion appeals procedure required Horton to file an appeal with the IEB within 30 days of the union's decision.

Horton filed an appeal with the IEB on March 19, 1990. The IEB subsequently notified Horton that it was refusing to hear his appeal because it had been untimely filed. His appeal to the public review board was also denied for the same reason.

As mentioned above, Horton brought a "hybrid" action under

section 301 of the Labor Management Relations Act (29 U.S.C. § 185 (1989)) in the United States District Court for the Central District of Illinois against Caterpillar and the union. In his complaint, Horton alleged that Caterpillar incorrectly interpreted the provisions of the collective bargaining agreement and thus he was wrongfully terminated. He also asserted that the union had "intentionally and recklessly" breached its duty to him in withdrawing his grievance.

Caterpillar and the union filed motions for summary judgment. The district court granted the motions finding Horton had failed to file a timely appeal to the IEB and thus had failed to exhaust his interunion remedies. In addition, the district court found no reason to excuse his failure to timely pursue his interunion appeal.

The United States Court of Appeals for the Seventh Circuit affirmed in an unpublished order.

Thereafter, on November 13, 1992, Horton filed a complaint in the circuit court against Caterpillar contending he was discharged in retaliation for his exercising his rights under the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1992)). Horton's request for relief was similar to that requested in the Federal action, with the exception that he also asked that punitive damages be assessed against Caterpillar.

Caterpillar moved to dismiss the action on grounds of *res judicata.* The circuit court denied the motion on May 10, 1993, finding that Horton's Federal and State causes of action were distinct and separate for purposes of *res judicata.*

Subsequently, the circuit court granted Caterpillar's motion for permission to apply for leave to take an interlocutory appeal to this court on the *res judicata* issue. We allowed the application for leave to appeal and now reverse.

On appeal, Caterpillar argues the trial court erred in finding that the doctrine of *res judicata* did not bar Horton's retaliatory discharge action. Caterpillar asserts the only issue is whether there is an identity of causes of action between Horton's hybrid section 301 action in the Federal court and his retaliatory discharge action in the present case sufficient to act as a bar under *res judicata.*

The essential elements of *res judicata* are: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of cause of action; and (3) an identity of parties or their privies. (*People ex rel. Burris v. Progressive Land Developers, Inc.* (1992), 151 Ill. 2d 285, 602 N.E.2d 820.) Where there is identity of parties, subject matter, and cause of action, the doctrine of *res judicata* extends not only to every matter that was actually determined in the prior suit but to every other matter that might have been raised and

153

determined in it. *Cantwell v. Reinhart* (1993), 244 Ill. App. 3d 199, 614 N.E.2d 174.

A cause of action consists of a single group of facts giving the plaintiff a right to seek redress for a wrongful act or omission of the defendant. (*Pierog v. H.F. Karl Contractors, Inc.* (1976), 39 Ill. App. 3d 1057, 351 N.E.2d 249.) Although a single group of operative facts may give rise to the assertion of more than one kind of relief or more than one theory of recovery, assertions of different kinds or theories of relief arising out of a single group of operative facts constitute but a single cause of action. (*Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 387 N.E.2d 831.) The proper test to determine identity of causes of action for *res judicata* purposes is whether actions are based upon a common core of operative facts, or whether the same evidence would sustain both actions. (*Landers v. Fronczek* (1988), 177 Ill. App. 3d 240, 532 N.E.2d 265.) If the same facts are essential to maintain both proceedings or the same evidence is necessary to sustain the two, there is identity between the causes of action asserted, and *res judicata* bars the latter one. (*Morris v. Union Oil Co.* (1981), 96 Ill. App. 3d 148, 421 N.E.2d 278.) Identity of the causes of action may be determined from the record as well as from the pleadings in both cases. *Torcasso v. Standard Outdoor Sales, Inc.* (1993), 157 Ill. 2d 484, 626 N.E.2d 225.

In the instant case, we find there was an identity of causes of action and that Horton's present action is barred by *res judicata*. The single group of operative facts giving rise to Horton's claims involves his termination from employment at Caterpillar. His hybrid section 301 action and his State retaliatory discharge action are nothing more than alternative theories of relief arising out of a single group of operative facts. The judgment in the section 301 action was final, and the *res judicata* effect of this judgment extends to Horton's retaliatory discharge action. Thus, the circuit court erred in finding Horton's cause of action was not barred by *res judicata*.

Therefore, the judgment of the circuit court of Tazewell County is reversed.

Reversed.

LYTTON and BRESLIN, JJ., concur.