**Joseph RUFFINO and Randall A. Noble, Plaintiffs,**

v.

**Michael SHEAHAN, Individually and in his Official Capactiy as Sheriff of Cook County, et al., Defendants.**

No. 96 C 2234.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 28, 1997.

ty sheriffs in July 1988, during Sheriff James O'Grady's administration. On August 24, 1994, the current sheriff, Michael Sheahan, filed complaints with the Cook County Sheriff's Merit Board seeking to discharge Ruffino and Noble from their positions. He alleged that their sheriff certifications were fraudulent because they had falsely obtained passing scores on their certification examination. Sheahan dedeputized plaintiffs, stripped them of their badges and uniforms, and transferred them to different positions where they are not able to work overtime, receive uniform allowances, participate in educational programs or obtain promotions. The proceedings before the Merit Board are still pending, with hearings on the matter scheduled for this summer. In April 1996, Ruffino and Noble brought the instant action, asserting that Sheahan dedeputized them because of their political affiliation with Sheahan's predecessor, James O'Grady, which violated their First Amendment rights and deprived them of a protected property interest in violation of the Fourteenth Amendment. In addition, they brought a state common law claim for defamation based on Sheahan's allegations of fraudulent certification. Sheahan now moves to dismiss these counts for lack of subject matter jurisdiction, claiming that the court should abstain from hearing this matter until plaintiffs' proceedings before the Merit Board are completed.[1]

■ The term "abstention" actually refers to a series of doctrines by which a federal court may decline to exercise its jurisdiction over matters within its subject-matter jurisdiction. *Barichello v. McDonald,* 98 F.3d 948, 954 (7th Cir.1996). Although the parties have cast their arguments under the doctrine of *Younger* abstention, the court finds the cases discussing *Colorado River* abstention more appropriate to the instant situation. *See Ericksen v. Village of Willow Springs,* 876 F.Supp. 951, 957 (N.D.Ill.1995); *Magett v. Sheahan,* 1996 WL 153887, *2 (N.D.Ill.). A federal court may abstain from exercising jurisdiction if there is a concurrent state court proceeding and abstention would pro-

Charmaine Elizabeth Dwyer, Chicago, IL, for Plaintiffs.

John Justin Murphy, State's Attorney of Cook County, Chicago, IL, Letitia Dominici, State's Attorney's Office of Cook County, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Joseph Ruffino and Randall Noble, former deputy sheriffs, bring this action against Michael Sheahan, Sheriff of Cook County, for violation of their constitutional and state common law rights. Plaintiffs became depu-

---

1. Although plaintiffs have claims pending against two additional defendants, only Sheahan has moved for dismissal.

mote "wise judicial administration." *Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc.,* 962 F.2d 698, 700 (7th Cir.1992) (citing *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 818, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976)). The first step in the analysis is to determine whether "parallel" state court proceedings exist. *Id.* The suits need not be identical, but must involve " 'substantially the same parties ... contemporaneously litigating substantially the same issues in another forum.' " *Id.* (citing *Interstate Material Corp. v. City of Chicago,* 847 F.2d 1285, 1288 (7th Cir.1988)).

■ The court has no doubt that the parties in the two proceedings are substantially the same; the only question is whether the issues are substantially similar. Sheahan asserts that the issues raised in Counts I, II and IV are substantially similar to those in the proceedings before the Merit Board and that a decision in this case would necessarily control the outcome before the Board. Plaintiffs disagree, claiming that the constitutional issues in the federal proceeding are far more extensive than the termination issues before the Merit Board. The court disagrees with plaintiffs' contention that the Merit Board proceedings will not address the issues pending in this court. The situation is indistinguishable from that in *Ericksen,* where the court pointed out that the Merit Board proceeding would dispose of issues in the federal action under the doctrine of res judicata, or from that in *Magett,* where the court noted that the state and federal actions both "hinge(d) on a common issue: whether (plaintiffs) should have been discharged." *Magett* at *3; *Ericksen,* 876 F.Supp. at 958; *see also Lolling v. Patterson,* 966 F.2d 230, 235 (7th Cir.1992). Because both proceedings involve whether Sheahan was justified in terminating plaintiffs' employment, the court finds that this action is parallel to the ongoing proceedings before the Merit Board, satisfying the first prong of the *Colorado River* abstention test.

■ If a court determines that the concurrent state and federal proceedings are parallel, it must weigh a series of factors to determine if abstention is justified. *Caminiti,* 962 F.2d at 701 (citations omitted). These include: 1) whether the state has assumed jurisdiction over property at issue; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) whether the source of governing law is state or federal; 6) the adequacy of the state court action to protect federal rights; 7) the relative progress of the state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim. *Id.* No one factor is determinative, instead the court must balance the duty to exercise its jurisdiction with the factors that weigh against it. *Id.*

■ The court's analysis of these factors will not differ greatly from the discussions in *Ericksen* or *Magett,* which involved similar disputes between law enforcement officers and their employers, although the federal actions in those cases were filed at different points during the state court proceedings. Several of the factors simply do not apply to the facts of this case or fall evenly between abstention and asserting jurisdiction: the instant case involves no state jurisdiction over property; the federal and state forums are equally convenient to the parties; the source of governing law is both federal constitutional law and state common law;[2] removal of the Merit Board proceeding to federal court is not available; and the federal complaint is not vexatious or contrived. However, considerations in favor of abstaining do exist. The Merit Board actions have been pending since August 1994 and are currently proceeding to hearings on the substantive issues, while the instant case was filed in 1996 and is currently at the close of discovery. Although plaintiffs claim that the litigation in this court is well advanced and the motion to stay is untimely, the parties' have not yet filed dispositive

---

**2.** Indeed, plaintiffs' Fourteenth Amendment claim involves deprivation of a property interest that is defined by state law.

motions in the case. The court has granted the parties additional time to file such motions, in part to allow them time to prepare for the ongoing proceedings before the Merit Board.

Proceeding to trial in federal court on these issues could also result in piecemeal and inconsistent results, which is the factor weighing most heavily in favor of abstention. Plaintiffs claim that a decision in this case would not affect the Merit Board proceedings because they have not sought to enjoin or limit those proceedings. But as defendant points out, plaintiffs have requested reinstatement to their former positions as well as back pay. A finding by this court that such remedies are appropriate could certainly conflict with Merit Board findings and holdings should it find in favor of Sheahan. *Magett* at *3.

Although plaintiffs assert that the claims against them in the parallel state proceeding involve only Sheahan's complaint against them and not the § 1983 claims that they have raised here, plaintiffs are not barred from raising those defenses in the Merit Board proceeding. In addition, under Illinois' Administrative Review Law, a Merit Board finding can be appealed in the Illinois courts, which means that plaintiffs could raise these defenses upon review in the Illinois courts as well. 735 ILCS 5/3–101, et seq.; *see Magett v. Cook County Sheriff's Merit Board,* 282 Ill.App.3d 282, 287, 218 Ill.Dec. 473, 476, 669 N.E.2d 616, 619 (1st Dist.1996) (appellate court considered plaintiff's constitutional claims upon review of Merit Board's employment decision). Illinois courts are also well equipped to evaluate plaintiffs' constitutional interests. *See Lumen Construction, Inc. v. Brant Construction Co., Inc.,* 780 F.2d 691, 695 (7th Cir. 1985).

For the foregoing reasons, the court find that abstention is proper in this case. Rather than dismissing Sheahan, though, the court merely stays the counts pending against him so that it may retain jurisdiction over the action. *LaDuke v. Burlington N. R.R. Co.,* 879 F.2d 1556, 1561–62 (7th Cir. 1989).

ORDERED: The court denies defendant Sheahan's motion to dismiss and stays Counts I, II and IV. For docketing purposes only, the court administratively dismisses Sheahan from this action without prejudice during the pendency of the stay. Plaintiffs may move to reinstate when the circumstances weighing in favor of abstention no longer apply.